FILED
United States Court of Appeals
Tenth Circuit

July 12, 2017

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

MICHAEL DEAN SPAULDING,

    Defendant - Appellant.

No. 16-1122
(D.C. No. 1:12-CR-00223-JLK-3)
(D. Colo.)

**ORDER AND JUDGMENT**[*]

Before **TYMKOVICH**, Chief Judge, **O'BRIEN**, and **HARTZ**, Circuit Judges.

Michael Spaulding was sentenced to 137 months' imprisonment after pleading guilty to charges stemming from his sale of methamphetamine. He contends that the district court committed procedural errors when it refused to credit his acceptance of responsibility and rejected the government's recommended downward departure for substantial assistance. The government agrees with Mr. Spaulding. And after reviewing the record, so do we.

---

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

The relevant facts are as follows. Acting as a courier, Mr. Spaulding sold two ounces of methamphetamine to an undercover federal agent. After his arrest, Mr. Spaulding pleaded guilty to distribution of methamphetamine and conspiracy to do the same. He also agreed to help the government investigate and prosecute the other members of the conspiracy. In exchange, the government joined Mr. Spaulding in requesting a sentencing reduction for acceptance of responsibility; it further promised to file a motion for downward departure based on his substantial assistance in the investigation. Ultimately the government recommended a sentence of 77–96 months.

The district court saw the case differently and sentenced Mr. Spaulding to 137 months' imprisonment. It first denied the requested three-level reduction for acceptance of responsibility. In the district court's view, acceptance of responsibility requires the defendant to do more than plead guilty and spare the government the expense of trial. The additional conduct could be, for example, taking steps "to deal with the victims" or to combat the defendant's drug addiction. R., Vol. 3 at 48–50. The court then granted the government's motion for a downward departure based on substantial assistance. But it rejected the government's recommended sentence and did not explain how the departure affected its sentencing. The next day, Mr. Spaulding filed a motion to withdraw his guilty plea, which the court granted. The case then proceeded to a bench trial (in which Mr. Spaulding admitted his guilt) and a second sentencing proceeding

(again with the result of 137 months).  On appeal, however, we found that the district court lacked jurisdiction to permit Mr. Spaulding to withdraw his original guilty plea.  *United States v. Spaulding*, 802 F.3d 1110 (10th Cir. 2015).  Accordingly, all actions taken after the first sentencing were null and void.  We said that Mr. Spaulding could file a new direct appeal after the district court reimposed the original sentence, *id.* at 1113 n.1, and he does so now.  The government has filed a brief supporting Mr. Spaulding's arguments.

This court's earlier opinion suggested that the district court might have committed procedural errors in imposing the sentence at issue, but there was no need to decide the question.  *See id.* at 1113 n.1, 1114 n.3, 1117 n.7.  We now agree with the government and conclude that the district court erred, so we vacate Mr. Spaulding's sentence and remand for resentencing.

First, Mr. Spaulding contends the court erred in its denial of a reduction for acceptance of responsibility.  Unlike the district court, we do not read § 3E1.1 of the Guidelines and the relevant commentary to mean that confessing and pleading guilty can never suffice to show acceptance of responsibility.  In fact, the Sentencing Commission seems to accept some variation of this, explaining that pleading guilty before trial "combined with truthfully admitting the conduct comprising the offense of conviction . . . will constitute significant evidence of acceptance of responsibility."  USSG § 3E1.1 cmt. n.3.  The commentary does not say that additional conduct is required to prove acceptance of responsibility.  In

fact, the Guidelines further explain: "However, this evidence may be outweighed by conduct of the defendant that is inconsistent with . . . acceptance of responsibility." *Id.* n.3. This provision indicates that, absent contradictory evidence that "outweigh[s]," pleading guilty will generally demonstrate acceptance of responsibility.

To be clear, we do not decide whether Mr. Spaulding had accepted responsibility or not. Whether countervailing evidence outweighs Mr. Spaulding's confession and guilty plea is a factual determination that "[t]he sentencing judge is in a unique position to evaluate." *Id.* n.5. And this court would extend "great deference" in reviewing the district court's factual findings on that score. *Id.* We hold only that the district court erred in believing that acceptance of responsibility always requires "something other than simply show[ing] up in court and plead[ing] guilty." R., Vol. 3 at 50.

We consider next the district court's actions on the government's motion for a downward departure based on substantial assistance. As the prior panel noted, the district court "granted the government's request" but "gave no indication of how it valued Spaulding's assistance." *Spaulding*, 802 F.3d at 1114 n.3. "Despite granting the government's motion, the district court never applied the substantial-assistance departure provisions. Thus, the district court never calculated and never considered an appropriate advisory guidelines range." *Id.* "[F]ailing to adequately explain the chosen sentence" is procedural error. *Gall v.*

- 4 -

*United States*, 552 U.S. 38, 51 (2007).  On remand, then, the district court should determine the appropriate reduction by considering some or all of the factors described in the Guidelines § 5K1.1 (and any other factors it finds relevant), while giving "[s]ubstantial weight . . . to the government's evaluation of the extent of [Mr. Spaulding's] assistance."  USSG § 5K1.1 cmt. n.3.  And it should "state in open court the reasons for its imposition of the particular sentence." 18 U.S.C. § 3553(c).

Finally, Mr. Spaulding requests that we reassign the case to a different district judge on remand.  We decline to do so.  Reassignment is "extraordinary" relief and is therefore appropriate "only when there is proof of personal bias or under extreme circumstances."  *Mitchell v. Maynard*, 80 F.3d 1433, 1448 (10th Cir. 1996).  Mr. Spaulding has pointed to nothing in the record to demonstrate personal bias.  He invokes the district judge's hostility to plea-bargaining, *see Spaulding*, 802 F.3d at 1116 n.4, but that fact alone does not constitute extreme circumstances justifying reassignment.  Mr. Spaulding also cites several decisions granting reassignment when the district court's sentence had repeatedly been invalidated, but this case does not present the same situation.  Because our prior decision concerned only the district court's jurisdiction, this is the first time the district court's sentence has been considered on the merits.

We VACATE Mr. Spaulding's sentence and REMAND for resentencing.

We DENY the request for reassignment.

ENTERED FOR THE COURT

Timothy M. Tymkovich
Chief Judge